## Higbee Estate

*Howard M. Lutz* and *Newbourg, Grubb & Junkin,* for accountant.

*Robert B. Greer,* for Ella M. Higbee, exceptant.

*Joseph T. Mullray* and *Humbert B. Powell, Jr.,* for Elizabeth Higbee, contra.

VAN RODEN, P. J., November 14, 1949.—By his will decedent disposed of his residuary estate as follows: "All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath, absolutely and in fee simple, to my Trustee, hereinafter named, IN TRUST, nevertheless, to invest and reinvest the same and to pay over the net income therefrom monthly until the death of my wife, ELLA M. HIGBEE, as follows: To my sister, ELIZABETH HIGBEE, the sum of Forty Dollars ($40.00) per month, and to my wife, ELLA M. HIGBEE, the sum of Two Hundred Dollars ($200.00) per month, together with all additional income. In the event of the death of my said sister before my wife, all of the income shall thereafter be paid over to my wife during her life. I further direct that if any such monthly sum of Two Hundred Dollars ($200.00) payable to my wife is not met in full out of income, any deficiency shall be made up out of the principal of the trust (without subsequent reimbursement to Principal out of Income) it being my intention that not less than Two Hundred Dollars ($200.00) a month shall be received by my wife during her life or until the principal of this trust is exhausted. I further give my wife the right at any time and from time to time to make withdrawals from the principal of this trust (whether or not payments out of principal are being made to her to make up the monthly sum of Two Hundred Dollars ($200.00) as above provided for) such withdrawals, however, not to exceed in any one calendar year an aggregate of Five Hundred Dollars ($500.00)."

At the audit of the executor's first account, the auditing judge was informed that the anticipated income from decedent's estate will amount to approximately $600 per annum, which is obviously insufficient to cover the total payments of $2,880 per annum to decedent's wife and sister as directed by the will. It was sug-

gested that a proper interpretation of the will would require apportionment between the widow and the sister of the actual net income realized from the assets of the estate proportionate to amounts specified in the will, in which case the widow would be entitled to five sixths of the net income and the sister one sixth of the net income. In other words, the suggested interpretation would mean that the sister would receive less than $2 per week. The auditing judge declined to follow the suggested interpretation of the will and instead held that the sister was entitled to the payment of $40 out of net income, so long as the net income is sufficient therefor. As stated in the adjudication:

"It seems obvious from a reading of decedent's will that he contemplated the possibility that the net income of his estate might be less than $240 per month and he therefore directed that any deficiency with respect to the widow's share might be supplied out of principal. In the opinion of the court, the language of the will clearly indicates that the sister is entitled to the first $40 per month out of income and widow is entitled to the remaining net income with the right to be paid principal to the extent necessary to meet the monthly payments of $200 provided for the widow's benefit by decedent. Accordingly, in the opinion of the court, there is no legal justification for diminishing the monthly payments to the sister during the continuation of the trust. The court holds, therefore, that the sister is entitled to the payment of $40 per month out of net income, for the duration of the trust, that the widow is entitled to the balance of net income and in the event such balance of net income fails to amount to $200 per month, the widow is entitled to have such deficiency made up from principal during the remainder of the trust, to wit, until her death or until the principal of the trust fund has been entirely consumed, whichever event first occurs. The trustees, to whom the award of

the residue will be made, as hereinafter set forth, are directed to make distribution of income in compliance with this construction of the will."

Exceptions have been filed on behalf of the widow who contends that the auditing judge erred in not holding that the payments to decedent's sister should be abated proportionately. After a full and careful review of the matter, the court is convinced that the auditing judge properly construed decedent's will.

The subject of abatement of legacies received the attention of the legislature as well as of the courts. In the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.751(a) (1), it is provided that where assets are insufficient to pay all claimants and distributees in full, the distributees shall have priority of distribution in the order set forth in the act, and property specifically devised or bequeathed to or for the benefit of the surviving spouse is accorded top priority. However, the 1949 Act is not applicable to the instant case since decedent died April 16, 1948, whereas the effective date of the new act is January 1, 1950 (section 105; 20 PS §320.105). Accordingly, the instant case is governed by the Fiduciaries Act of June 7, 1917, P. L. 447, sec. 20, 20 PS §632, which provides as follows:

"If, after deducting the amount of debts of the testator and the expenses of administration, the residue shall not be sufficient to discharge all the pecuniary legacies bequeathed, an abatement shall be made in proportion to the legacies so given, unless it shall be otherwise provided by the will."

Under the 1917 Act there exists no statutory preference as between a widow and any other beneficiary: Petty's Estate (No. 1), 311 Pa. 362 (1933). However, under both the Act of 1917 and the Act of 1949, the intention of testator, as expressed in the will, is of primary consideration. Testator's manifest intent to pre-

fer one legatee in case of deficiency must prevail: Elmore's Estate, 292 Pa. 571 (1928).

There is no distinction between a legacy and an annuity with regard to abatement, and any party seeking priority of distribution where the assets are insufficient to pay all annuities and legacies in full has the burden of establishing affirmatively that the intention to create a preference was expressed by decedent in his will: Appeal of the Trustees of the University of Pennsylvania, 97 Pa. 187, 200 (1881); MacMackin Estate, 356 Pa. 189, 192 (1947). As stated in the latter case:

". . . in making the bequests of the annual sums to the individuals named in the will, the testator spoke, in that connection, of payment 'from the income' or 'out of the income' of the trust estate. If that were the extent of the decedent's testamentary words and intendment with respect to the character of the bequests, it would at once have to be conceded that they carried with them no more than a right to participate pro tanto in distributions of income annually derived from the trust estate and that, therefore, they were not annuities in the strict legal signification of that term."

In the instant case, however, the court is convinced that the language of the will clearly expresses decedent's intentions with regard to the distribution of the income from his residuary estate. It seems obvious that decedent intended his sister to have the sum of $40 per month for her living expenses and intended his widow to have the sum of $200 per month for a similar reason. It does not appear that he contemplated the possibility that the income of his estate would ever be less than $40 per month, but obviously did realize the possibility that the income might be less than $200 per month, and accordingly, he provided, with respect to the widow, that deficiency of income might be made up out of principal. It seems clear that he intended that his sister

should receive $40 per month, out of income, and his widow should receive $200 per month, out of either income or principal until the entire corpus of the estate was exhausted. If the payments to the sister are abated proportionately, as suggested by the widow, the sister will receive approximately $8 per month whereas the widow will receive the full $200 per month, the deficiency of income being payable out of principal. This is not consonant with testator's testamentary scheme. In Petty's Estate, supra, testator created a trust for the payment of $200 per month to his mother and authorized the trustee to use so much of the corpus as deemed necessary for her benefit, and then directed the trustee to pay the balance of income to decedent's widow, with the provision that should such remaining income be insufficient to provide payments of $500 per month to the widow, the trustee was authorized to use so much of the corpus as might be necessary to make the said payments. It was held that there was no intention manifested to prefer the widow over the mother, or to prefer the mother over the widow, and that no preference was created in favor of either. It was further held that an abatement of the mother's annuity, accompanied by unlimited use of principal to overcome the deficiency of income with respect to the widow's annuity would be to work an exhaustion of corpus to the detriment of the mother. In order to achieve testator's real intention, as ascertained by the court, it was held that the mother should receive an annuity abated in amount which will permit the widow to receive an annuity, also abated in amount, from income and corpus during the same period, to the end that, viewing the normal expectancy of the mother's life, the mother and the wife would receive equal treatment. This solution, however, cannot be applicable to the instant case since testator restricted the use of corpus to the benefit of the widow and not the sister. Accordingly, there is

no authority for paying the widow less than the full sum of $200 per month, nor is there any authority whatsoever for making any payments out of principal for the benefit of the sister. Accordingly, the court concludes that substantial justice will be accomplished as between decedent's widow and his sister, and the testamentary scheme of decedent, as expressed in his will, will be more nearly approximated by adhering to the distribution ordered by the auditing judge, to wit, the payment of the sum of $40 per month, out of income, to decedent's sister with payment of balance of net income to the widow and deficiency of income, up to $200 per month, to be paid out of principal, so long as the assets of the estate are sufficient therefor.

Accordingly, the exceptions are hereby dismissed.